IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
MARYETTA M. BECK,              *
                               *
        Plaintiff,             *
                               *
    v.                         *        CV 113-126
                               *
ERIC SHINSEKI, Secretary,      *
Department of Veterans Affairs,*
                               *
        Defendant.             *
```

## ORDER

Presently before the Court is the parties' joint motion to seal specified documents. (Doc. no. 17.) For the reasons set forth below, this motion is **DENIED**.

This case arises from Defendant's termination of Plaintiff, a registered nurse, from the Department of Veterans Affairs due to alleged misconduct involving the care and death of a patient. (See Compl. ¶¶ 5-18.) Due to the presence of "private, confidential medical information" of the patient,[1] the parties seek to seal: all summary judgment briefing, statements of material facts, and the administrative record. (Doc. no. 17.) The parties also seek to retroactively seal the Disciplinary Appeals Board Decision, which is attached to the Complaint. (Id.)

"There is a common-law presumption that judicial records are public documents." Webb v. CVS Caremark Corp., No. 5:11-CV-106, 2011 WL 6743284, at *1 (M.D. Ga. Dec. 23, 2011) (citing Nixon v.

---

[1] The patient is no longer living but the parties assert that some of the medical information is particularly sensitive and may be of grave concern to his family. (Doc. no. 17.)

Warner Commc'n, Inc., 435 U.S. 589, 597 (1978); Chi. Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1311 (11th Cir. 2001)). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted).

The right of public access is not absolute, however, and may be overcome by a showing of good cause.[2] Id. The good cause inquiry involves "balancing the asserted right of access against the other party's interest in keeping the information confidential." Id. at 1246 (quotation omitted).

> Whether good cause exists is decided by the nature and character of the information in question. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

---

[2] It is of no consequence that the parties have filed a joint motion to seal; good cause must still be shown. Mere "consent of the parties is not a valid basis to justify sealing, as the rights involved are the rights of the public." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 1911445, at *1 n.6 (S.D. Ga. May 8, 2013) (quotation omitted); see also McCall v. Montgomery Hous. Auth., No. 2:10-CV-367, 2011 WL 4390049, at *2 (M.D. Ala. Sept. 21, 2011) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." (quotation omitted)).

2

Id. (citations and quotations omitted).

"When a court determines that interests favoring non-disclosure justify restricting the public's access, it must restrict access in a way that will minimize the burden on the public's right, for example, by sealing or redacting only those records or portions thereof that contain sensitive information." Curry v. McNeil, No. 3:08-CV-539, 2009 WL 395247, at *2 (N.D. Fla. Feb. 17, 2009); see also Jackson, 2013 WL 1911445, at *1 n.6 ("[R]edaction should be deployed first" to eliminate the need for "sealing of entire documents.").

The Court has considered the factors set forth above and determined that Plaintiff's motion should be denied in the interest of public access. First, the Court notes that the presumption of public access is even stronger where the documents "directly affect" adjudication. Webb, 2011 WL 6743284, at *1. Here, the parties themselves concede that the medical records and administrative record will serve as the basis for the Court's review of the Disciplinary Appeals Board Decision. (Doc. no. 17 at 1.) The Court is concerned that the parties are seeking to seal "huge swaths" of the record, including the entire administrative record at issue and all summary judgment briefing. See Jackson, 2013 WL 1911445, at *1 n.6 ("[F]or the public to fully understand a court's precedent, courts need to disclose the information, even if confidential, that is the subject of the adjudication." (quotation omitted)).

"[A]ccess to written documents filed in connection with pretrial motions is particularly important in the situation where no hearing is held and the court's ruling is based solely on the motion papers." Id. at *1 (quotation omitted).

The presumption of public access is also heightened here because the case involves the workings of public agencies and the operation of government. Romero, 480 F.3d at 1246. Additionally, some of the medical information at issue is attached to the Complaint and has been open to the public for over six months. (See Compl., Ex. 1.) This previous public access favors continued public access. See Jackson, 2013 WL 1911445, at *7; United States v. Bradley, No. 4:05-CR-059, 2007 WL 1703232, at *5 (S.D. Ga. June 11, 2007).

Based on the limited information at hand, the Court does not believe that the potential harm caused by the disclosure of the medical information outweighs the interest in public access - at least to the extent that the medical information is kept anonymous.[3] Thus, the Court will not permit the sealing of the specified documents in their entirety. However, the Court does believe that some alternative precautions are warranted in the interest of privacy. First, the parties should diligently redact the patient's name from medical records, administrative

---

[3] Cf. Jackson, 2013 WL 1911445, at *7-8 (denying motion to seal drug and alcohol treatment records); McCall, 2011 WL 4390049, at *1-2 (denying motion to seal medical records); Bradley, 2007 WL 1703232, at *1-5 (denying motion to seal medical and psychiatric information).

4

records, and any other documents prior to their filing. The parties should also redact other information that might be used to identify the patient, such as an address, phone number, date of birth, social security number, and other identification numbers. Second, in their briefings, the parties should refer to the patient using an anonymous identifier, such as the "Patient" or – less preferably – by the patient's initials.[4]

In conclusion, the parties' joint motion to seal specified documents (doc. no. 17) is **DENIED**. The parties are **INSTRUCTED** to redact future filings and use anonymous identifiers, as set forth above.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of February, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Court's review of the Complaint and the Disciplinary Appeals Board Decision attached thereto did not reveal the patient's name or other identifiable information. Thus, there does not appear to be any need to retroactively redact those documents.

5